UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MURAT SARIZ,

        Petitioner,

v.                               Case No. 3:26-cv-1735-MMH-PDB

WARDEN RONNIE WOODALL, et al.,

        Respondents.

_____

## **ORDER**

Petitioner Murat Sariz, an immigration detainee, is proceeding through counsel on a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition), filed July 7, 2026. See generally Petition. Sariz is a citizen of Turkey who entered the United States on April 13, 2024. Id. at 1, 6. The next day, the Department of Homeland Security issued him a Notice to Appear and released him on his own recognizance. Id. at 1–2, 6–7. On July 3, 2026, ICE re-detained Sariz. Id. at 2, 8. He raises various challenges to his immigration detention and seeks, inter alia, either immediate release or an individualized bond hearing. See id. at 17–20.

Respondent Warden filed Respondent Warden, Ronnie Woodall's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 9; Motion), arguing he is not a proper respondent in this case. See generally Motion. The Federal

Respondents filed a Response to Habeas Petition (Doc. 10; Response) asserting that, to the extent Sariz seeks an individualized bond hearing under 8 U.S.C § 1226(a), they do not oppose such relief.[1] See Response at 1. Sariz filed Petitioner's Reply to Federal Respondents' Response to Petition for Writ of Habeas Corpus (Doc. 13; Reply). See generally Reply. He asks the Court to direct his immediate release or, in the alternative, direct that he be afforded an individualized bond hearing. Id. at 2–5.

When Sariz was detained in July 2026, see Petition at 2, 8, he was not seeking entry at the border; therefore, as the Federal Respondents now concede, he is not subject to § 1225 and instead is detained under § 1226, see Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia., 175 F.4th 1258, 1285 (11th Cir. 2026) (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act). Accordingly, it is

**ORDERED**:

1.      Sariz's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to his claim that his detention without an

---

[1] It appears that the Federal Respondents' position stems from the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia., 175 F.4th 1258 (11th Cir. 2026). See generally Response. Although they do not cite Hernandez Alvarez, the case established that "§ 1225 [of the Immigration and Nationality Act] applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez, 175 F.4th at 1276.

individualized bond hearing violates the Immigration and Nationality Act.[2] Within **seven days** of this Order, Respondents shall either afford Sariz an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Sariz, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.      Respondent Warden, Ronnie Woodall's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 9) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3.      The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of August, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc36
c:
Counsel of Record

---

[2] Because the Court finds that Sariz is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").